**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MAXIM IVSHIN** **CIVIL ACTION**

**VERSUS**

**TODD BLANCHE, ET AL.** **NO. 26-00676-BAJ-RLB**

**RULING AND ORDER**

Before the Court is Respondents' **Motion To Dismiss (Doc. 16)**. Respondents represent that, because Petitioner Maxim Ivshin was removed from the United States to Russia on July 5, 2026, his habeas claim is now moot and should be dismissed. (Doc. 16-1 at 3). Petitioner has filed no objection, and the time to do so has passed.

A case becomes moot if it no longer presents a case or controversy under Article III, § 2 of the Constitution. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). For a matter to remain an active "case or controversy," the "parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). The United States Court of Appeals for the Fifth Circuit has emphasized that, "for a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition

moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (citing *Spencer*, 523 U.S. at 7). "The petitioner presents an Article III controversy when he demonstrates 'some concrete and continuing injury other than the now-ended incarceration'–a 'collateral consequence of the [detention].'" *Id.* (internal quotations omitted).

In this case, Petitioner challenged the constitutionality of his detention. (Doc. 1 at 15). Petitioner did not challenge "the basis for his removal or the removal order itself." *Francis v, Lynch*, 622 Fed. App'x 455, 455 (5th Cir. 2015). (*See* Doc. 1 at 7; Doc. 16-1 at 4). Petitioner also did not assert any ongoing collateral consequences of his detention. (Doc. 16-1 at 4). Because Petitioner's detention has ended, Petitioner was removed from the United States, and Petitioner did not assert any ongoing collateral consequences of his detention, there is no longer a live case or controversy. *See Francis*, 622 Fed. App'x at 455. In other words, Petitioner no longer has a stake in the outcome of this case regarding the lawfulness of his detention because Petitioner is no longer being detained.

Accordingly,

**IT IS ORDERED** that Respondents' **Motion To Dismiss (Doc. 16)** be and is hereby **GRANTED.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the above-captioned matter be and is hereby **DISMISSED WITHOUT PREJUDICE AS MOOT.**[1]

Final judgment shall issue separately.

Baton Rouge, Louisiana, this 19th day of November, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

[1] "A dismissal on mootness grounds is without prejudice to future suits on the merits of the same claim." *Massaquoi v. Dep't of Homeland Sec.*, No. 26-00227-BAJ-RLB, 2026 WL 1623479, at *1 n.1 (M.D. La. June 5, 2026) (citing *Wilderness Soc. v. Salazar*, 603 F. Supp. 2d 52, 72 (D.D.C. 2009)); *see also Payne v. Panama Canal Co.*, 607 F.2d 155, 158 (5th Cir. 1979) (holding that "[t]he dismissal without prejudice of the prior actions on grounds of mootness does not serve as a final adjudication on the merits so as to bar this action").